UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James R. Maddux,

    Plaintiff,　　　　　　　　　　　　　　　Case Action No.: 1:08cv442

    v.　　　　　　　　　　　　　　　　　　　Judge Michael R. Barrett

United States of America, et al.,

    Defendants.

# ORDER

This matter came before the Court pursuant to Defendant's, Maersk Line, Limited ("Maersk"), motion to dismiss Plaintiff's claims for punitive damages (Doc. 27) and Defendant's, Honeywell Technology Solutions, Inc. ("Honeywell"), motion for partial summary judgment on Plaintiff's claims for punitive damages (Doc. 25). Both motions have been briefed and are ripe for review.

A.    Relevant Facts

Plaintiff, a 37 year old man, was employed by Defendants as a seaman on a vessel docked in Guam. (Doc. 44, ¶8). While returning from shore leave, Plaintiff fell from a stairway and into a safety net which was defective and improperly rigged causing Plaintiff to fall fifteen feet to the deck below. Plaintiff suffered a complete spinal cord injury at T10-12 and has been rendered a paraplegic. (Id. at ¶9). Plaintiff alleges that the Defendants are vicariously liable for his injuries pursuant to the Jones Act, the Public Vessels Act, the Suits in Admiralty Act and the general maritime law of the United States, or in the alternative the Longshore and Harbor Workers' Compensation Act. (Id.

at ¶10). More specifically, Plaintiff alleges negligence and unseaworthiness against all the Defendants and requests damages, including punitive damages.

B. Legal Standards

A motion to dismiss pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

C.  Analysis

Plaintiff's complaint (Doc. 44, Section VIII) states the following:

> Plaintiff further makes a claim for punitive damages. Plaintiff's claim for punitive damages is based on Defendants' willful violation of its duty to maintain a safe and seaworthy vessel and will show that Defendants' acts or failures to act recklessly increased the likelihood that Plaintiff would be injured by a dangerous and unseaworthy condition on the MV 1st Lieutenant Alex Bonnyman. Furthermore, Plaintiff seeks to recover punitive damages as a result of Defendants' bad faith conduct, by their willful and callous failure to provide appropriate maintenance and cure benefits to Plaintiff and Defendants' failure to conduct a prompt and adequate investigation of the Plaintiff's claims for maintenance and cure benefits.

Maersk and Honeywell both argue that punitive damages are non-pecuniary damages that are unavailable under the Jones Act or general maritime law. Plaintiff

counters Maersk's motion by arguing that one can, in fact, obtain punitive damages from a non-employer under general maritime law and the Longshore and Harbor Worker's Compensation Act and counters Honeywell by arguing that the motion for summary judgment is premature since the request for admissions regarding Plaintiff's status as a Jones Act seaman have not yet been answered.

However, while these motions were pending, the United States Supreme Court addressed this specific issue. The Court held that a seaman may bring a claim for punitive damages for the willful and wanton disregard of the maintenance and cure obligation. *Atl. Sounding Co. v. Townsend*, 129 S. Ct. 2561, 2576 (U.S. 2009). Since Plaintiff alleges that the Defendants failed to provide the appropriate maintenance and cure benefits, both motions (Doc. 25 and Doc. 27) are DENIED.[1]

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to address the issue of whether or not punitive damages are available for Plaintiff's claim based on Defendants' willful violation of its duty to maintain a safe and seaworthy vessel. The parties may raise this issue in subsequent motions after the close of discovery.