UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James R. Maddux,

    Plaintiff,                      Case No. 1:08-cv-442

vs.

United States of America, et al.,           Judge Michael R. Barrett

    Defendant.

### ORDER

This matter is before the Court pursuant to Defendants Maersk Line Limited and Expresser Transport Corporation's (collectively "Moving Defendants") Motion for Reconsideration. (Doc. 119.) This Motion requests reconsideration of this Court's December 15, 2010, Order (Doc. 116) denying the Moving Defendants' Motion for Summary Judgment (Doc. 62). The facts of this case are fully set forth in the Court's December 15, 2010, Order and will not be restated here. (Doc. 116, 1–3.)

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is generally treated as a motion to amend judgment under Rule 59(e). *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434, 436 (S.D. Ohio 1990). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court and is reversible only for abuse. *Huff v. Metro. Life Ins. Co.*, 675 F. 2d 119, 122 (6th Cir. 1982).

There are three grounds for amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; and (3) to correct a clear error of law or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Berridge v. Heiser*, 993

1

F. Supp. 1136, 1146–47 (S.D. Ohio 1997). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Here, the Moving Defendants contend this Court has made a clear error of law and must therefore reconsider its previous order to prevent a manifest injustice. (Doc. 119, 2.) Moving Defendants discuss many cases that consider disputed areas of law (Doc. 119, 3–9), but they point to no binding precedent establishing that this Court has made a clear error.

The heart of the Moving Defendants' Motion argues that there are no disputed facts regarding Plaintiff's employment relationship. (Doc. 119, pp. 2, 3, 10–13.) Here, the Moving Defendants are attempting to reargue a settled issue. This Court has already ruled that there are genuine issues of material fact as to who was Plaintiff's employer under the borrowed-servant doctrine. (Doc. 116, 11.) A motion to reconsider is not an opportunity to reargue a case. *Sault Ste. Marie*, 146 F.3d at 374.

Given that reconsideration is a decision within this Court's informed discretion, *Huff*, 675 F. 2d at 122, and considering that the Moving Defendants have cited no clear errors of law and have not presented newly discovered evidence, *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007), this Court declines to reconsider its December 15, 2010, Order. Accordingly, the Moving Defendants' Motion for Reconsideration (Doc. 119) is DENIED.

**IT IS SO ORDERED.**

<u>s/Michael R. Barrett</u>
UNITED STATES DISTRICT JUDGE